UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SARKHAN JAMIL IMAMVERDIYEV,

    Petitioner,

v.

    20-CV-1382-JLS

JEFFREY SEARLS, Facility Director,
Buffalo Federal Detention Facility,

    Respondent.

---

## DECISION AND ORDER

Petitioner Sarkhan Jamil Imamverdiyev seeks disqualification of the District Judge assigned to his case. Dkt. 21. He alleges that the undersigned "is bias[ed] and prejudice[d]" in reviewing petitions for habeas relief. *Id.* at 2. Because there are no valid grounds for recusal, Petitioner's motion is denied.

## BACKGROUND

Petitioner is a native and citizen of Azerbaijan who entered the United States on a temporary visa on September 22, 2016. Dkt. 13-2 at 2, ¶ 5. Petitioner had permission to remain until March 21, 2017, but overstayed his visa. *Id.* On July 24, 2018, Petitioner was arrested by the FBI for fraud. *Id.* at ¶ 6. Petitioner plead guilty to Conspiracy to Commit Wire Fraud and was sentenced to 24 months imprisonment, in addition to $320,006 in restitution. *Id.* at ¶ 7.

Petitioner was eventually transferred from the Metropolitan Detention Center in Brooklyn, New York to the custody of DHS. *Id.* at ¶ 8. Following his

transfer into DHS custody, Petitioner received a Final Administrative Order of Removal on May 12, 2020. *Id.* at ¶ 9-11. On June 30, 2020, the Embassy of Azerbaijan issued a travel document authorizing Petitioner's removal to Azerbaijan. *Id.* at ¶ 16. Petitioner was removed from the United States on July 16, 2021. Dkt. 24-1 at 1, ¶ 3.

Shortly before his removal, Petitioner filed a motion to disqualify the undersigned from presiding over this case. Dkt. 21, at 4. Petitioner also sought reassignment of a new District Judge. *Id.*

## DISCUSSION

### I. RECUSAL STANDARDS

"The discretion to consider [a motion for recusal] rests with the district judge in the first instance." *In re Certain Underwriter*, 294 F.3d 297, 302 (2d Cir. 2002); *see also Apple v. Jewish Hosp. and Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987). When deciding a motion for recusal, "the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988). A litigant is "entitled to an unbiased judge; not to a judge of their choosing." *Id.* Therefore, "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *Id.*

Here, Petitioner seeks disqualification pursuant to 28 U.S.C. § 455(a). Dkt. 21, at 4. Under Section 455(a), a judge must recuse himself or herself "in any

proceeding in which his [or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This objective test "deals exclusively with appearances. Its purpose is the protection of the public's confidence in the impartiality of the judiciary." *United States v. Amico*, 486 F.3d 764, 775 (2d Cir. 2007); *see also In Re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008). The "ultimate inquiry" in a Section 455(a) case is "whether circumstances . . . create an objectively reasonable basis for questioning a judge's impartiality, by showing 'a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *In re IBM Corp.*, 45 F.3d 641, 644 (2d Cir. 1995).

Separately, recusal motions founded on allegations of "*actual* bias or prejudice" fall under two different statutes: 28 U.S.C. §§ 455(b)(1) and 144. *United States v. Peters*, No. 03-cr-211S, 2020 WL 830425, at *2 (W.D.N.Y. Feb. 20, 2020) (emphasis added). Although Petitioner does not raise these statutes, the Court will address them as well. Section 455(b)(1) requires recusal "[w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455(b)(1).

And Section 144 requires recusal when a party demonstrates that the judge has "a personal bias or prejudice" against that party or in favor of an adverse party. 28 U.S.C. § 144. The moving party must demonstrate bias or prejudice through the filing of a "timely and sufficient affidavit." *Id.* Section 144 is traditionally "construed together in the same manner" as Section 455(b)(1). *Peters*, 2020 WL 830425, at *2. The analysis and substantive standard for recusal under both

3

provisions is the same. *Apple*, 829 F.2d at 333 (recognizing that §§ 144 and 455(b)(1) "are to be construed *in pari materia*"); *see also Shukla v. Deloitte Consulting LLP*, No. 1:19-cv-10578, 2020 WL 5894078, at *1 (S.D.N.Y. Oct. 5, 2020).

The Second Circuit has observed that "§ 455(a) provides broader grounds for disqualification than either § 144 or § 455(b)(1)." *Apple*, 829 F.2d at 333. But regardless of the statutory provision applied, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also United States v. Cain*, No. 05-cr-360, 2017 WL 1456980, at *5 (W.D.N.Y. Apr. 25, 2017) ("[A] party's dissatisfaction with his legal circumstances or unhappiness with a court's legal rulings or other case-management decisions does not constitute a valid basis for recusal."); *United States v. Nix*, No. 6:14-cr-06181, 2017 WL 2537348, at *6 (W.D.N.Y. June 9, 2017) (same).

## II. PETITIONER'S MOTION FOR RECUSAL

Petitioner claims that the undersigned has shown the "deep-seated favoritism or antagonism" necessary to establish partiality under 28 U.S.C. § 455(a). Dkt. 21, at 2, 4. Specifically, Petitioner complains about a lack of successful immigration habeas challenges before the undersigned. *Id.* Petitioner cites a series of decisions in which detainees' habeas claims were denied. *Id.* at 2-3. Petitioner's assertions are not only misleading, but insufficient to support recusal under Section 455(a).

"A district judge's prior decisions adverse to a defendant do not merit recusal." *See Petrucelli v. United States*, Nos. 14-cv-9310, 2-cr-99, 2015 WL 5439356, at *5 (S.D.N.Y. Sept. 15, 2015) (citing *Smith v. United States*, 554 Fed.

4

App'x 30, 32 (2d Cir. 2013)). To succeed on a motion for recusal under Section 455(a), a Petitioner must present evidence of a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Deciding seven of 35 immigration habeas cases in the government's favor does not meet this stringent threshold. *See* Dkt. 23, at 4 n.3 (collecting cases). Like cases should be decided alike—unless there is a meaningful distinction. And legal error, if any, is for the Court of Appeals to determine.

Nor has Petitioner demonstrated "personal bias or prejudice" on the part of the undersigned. Although Petitioner does not specifically rely upon 28 U.S.C. §§ 144 or 455(b)(1) in his motion for recusal, he claims that this Court has shown "bias or prejudice" against him. *See e.g.,* Dkt. 21, at 2-3. Assuming Petitioner intended to raise claims under 28 U.S.C. §§ 144 or 455(b)(1) in his motion, those allegations are likewise deficient.

As a preliminary matter, Petitioner failed to submit the "timely and sufficient affidavit" required for recusal under Section 144. 28 U.S.C. § 144; *see also Sibley v. Geraci*, No. 20-3608, 2021 WL 2224369, at *1 (2d Cir. June 2, 2021). The affidavit must show "the objectionable inclination or disposition of the judge . . . [and] give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Id.* (alteration in original) (citing *Rosen v. Sugarman*, 357 F.2d 794, 798 (2d Cir. 1966) (internal quotation marks omitted)). "Mere conclusions, opinions, rumors or vague gossip are insufficient." *Hodgson v. Liquor Salesmen's Union Local No. 2*, 444 F.2d 1344, 1348 (2d Cir. 1971).

Petitioner also fails to show "personal bias or prejudice" under either provision. To be disqualifying under these provisions, "[t]he alleged bias or prejudice . . . must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case." *In re IBM Corp.*, 618 F.2d 923, 927 (2d Cir. 1980). No extrajudicial source of bias or prejudice is present here. Petitioner's allegations—which focus exclusively on Petitioner's dissatisfaction with the undersigned's prior rulings—are also inadequate to support recusal under 28 U.S.C. §§ 144 or 455(b)(1).

## CONCLUSION

Petitioner has not demonstrated that an individual might reasonably question the undersigned's impartiality; nor has he established that the undersigned harbors a personal bias or prejudice warranting recusal from this matter. Of course, there is none. Petitioner's motion for recusal is denied in its entirety.

SO ORDERED.

DATED:   August 18, 2021
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE